IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KINDAL CALLEN, as personal representative for the Estate of Scott Callen, <br><br> Plaintiff, <br><br> v. <br><br><br> DAIMLER TRUCKS NORTH AMERICA, LLC D/B/A FREIGHTLINER, LLC; CALLEN ENTERPRISES, INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 2:16cv311-WHA <br><br> (wo) |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

This cause is before the court on a Motion to Remand filed by Defendant Callen Enterprises, Inc. (Doc. #7), a Motion to Remand filed by the Plaintiff, Kindal Callen, as personal representative for the Estate of Scott Callen (Doc. #10), and a Motion to Sever and Remand (Doc. #14) filed by Defendant Daimler Trucks North America, LLC ("Daimler Trucks").

The Plaintiff originally filed a Complaint in this case in the Circuit Court of Lowndes County, Alabama on September 25, 2015. The Plaintiff brings claims for negligence, wrongful death, and Worker's Compensation benefits. The Plaintiff, Kindal Callen ("Callen"), is an Alabama resident. Daimler Trucks is a foreign corporation incorporated in Delaware with its principal place of business in Oregon. Defendant Callen Enterprises, Inc. is an Alabama corporation with its principal place of business in Alabama.

The case was removed by Daimler Trucks to this court on the basis of diversity subject matter jurisdiction on April 29, 2016.   Daimler Trucks removed the case stating that the removal was timely because it was filed within thirty days of receipt of "other paper," in the form of deposition testimony, that first established the removability of the case.   28 U.S.C. §1446(b).

For reasons to be discussed, the Motions to Remand are due to be DENIED.

## II.   MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction.   *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee*, 719 F.2d 1072, 1076 (11th Cir. 1983), cert. denied, 465 U.S. 1103 (1984).   As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States.   *See Kokkonen*, 511 U.S. at 377.   Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.   *See Burns*, 31 F.3d at 1095.

## III.   FACTS

This case arises out of the death of the Decedent, Scott Callen, as a result of a truck accident.   At the time of the accident, Scott Callen was operating a 2006 Freightliner Columbia tractor, manufactured by Daimler Trucks.   The claim in this case against Defendant Callen Enterprises, Inc. is for Worker's Compensation benefits, and the Complaint alleges that a controversy has arisen as to the benefits that should be paid. The claims against Daimler Trucks are for wrongful death.

Daimler Trucks has presented evidence, in the form of the deposition of Amanda Lassiter of Callen Enterprises' Workers' Compensation Insurance Company and the deposition of the corporate representative of Callen Enterprises, Inc., Kindal Callen.   The depositions were taken on April 14, 2016.   According to this evidence, Worker's Compensation benefits were paid before the Complaint was filed in state court.   Amanda Lassiter has stated that the first payment was made on September 19, 2015 and payments were completed retroactively to include dates starting the day after the accident. (Doc. #1-9 at p.11-12).   Amanda Lassiter also stated that she is not aware of any communications suggesting that other benefits should have been paid. (Doc. #1-9 at p.35).   Kindal Callen testified in a deposition that she is not aware of any Worker's Compensation benefits which have not been paid.   (Doc. #1-8 at 8).

## IV.   DISCUSSION

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1).   The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met.   *Id.*

To satisfy diversity, not only must a plaintiff be a citizen of a state other than the state of which one defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). Because of the complete diversity requirement for subject matter jurisdiction based on diversity of citizenship, a plaintiff may prevent removal simply by joining a defendant who shares the same state citizenship as the plaintiff.   The filing of a frivolous or otherwise illegitimate claim

3

against a non-diverse defendant solely to prevent removal is called a "fraudulent joinder." *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

The Eleventh Circuit applies a threefold test for determining whether a defendant has been fraudulently joined: the removing party must show either (1) that there is no possibility the plaintiff could establish a cause of action against the resident defendant in state court, (2) that the plaintiff fraudulently pleaded jurisdictional facts, or (3) where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and the claim has no real connection to the claim against the nondiverse defendant. *See Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998).

Daimler Trucks removed the case on a theory that fraudulent joinder exists because there is no justiciable controversy between Callen and Callen Enterprises, Inc. Callen has treated this as a removal under the first method of establishing that fraudulent joinder applies, but Daimler Trucks also argued that this case is distinct from other cases decided by this court analyzing the third method of establishing fraudulent joinder. The court will, therefore, examine the arguments for both methods of establishing fraudulent joinder.

The first method of establishing fraudulent joinder, that there is no possibility the plaintiff could establish a cause of action against the resident defendant in state court, means that if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary. *Florence v. Crescent Resources, LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007).

Daimler Trucks states that there is no possibility that state law would impose liability because the Worker's Compensation claim has already been paid.   Callen argues that the mere fact that the insurance carrier is paying benefits does not mean that Callen Enterprises, Inc. has been fraudulently joined.   Callen argues that Alabama law allows surviving dependents to sue third parties and a Worker's Compensation carrier is entitled to intervene in a wrongful death suit. Callen Enterprises also argues that possible state law causes of action exist because payments could be stopped if a determination were made that the benefits were no longer due or the amount of benefits were to become contested.   No argument has been made, however, that there is any evidence to contest Daimler Trucks' evidence that there are no benefits issues. The fact that benefits have been paid is also relevant to the egregious misjoinder theory of fraudulent joinder.

Fraudulent joinder has been examined by this court in the context of cases involving Worker's Compensation claims in the context of egregious misjoinder analysis.   *See, e.g., Jernigan v. City of Eufaula, Ala.*, 123 F. Supp.3d 1322 (M.D. Ala. 2015); *Brooks v. Paulk & Cope, Inc.*, 176 F. Supp. 2d 1270, 1273 (M.D. Ala. 2001).   Those cases found that Worker's Compensation claims were not fraudulently joined under Rule 20 because the plaintiffs sought "several liability against two defendants for damages sustained as a result of the same alleged work-related accident."   *Jernigan*, 123 F. Supp. 3d at 1329; *Brooks*, 176 F. Supp. 2d at 1273. Under the reasoning of these cases, there is no misjoinder if joinder if proper under Rule 20. *Brooks*, 176 F. Supp. 2d at 1273.   Joinder of defendants is proper if there is joint or several liability against them out of the same occurrence, and there is a question of law or fact common to all defendants.   *Id.*

*Jernigan*, however, was unique in that the allegedly fraudulently-joined defendant had admitted liability, raising a question of first impression under Rule 20 of whether a question of law or fact common to all defendants existed in the case. *Jernigan*, 123 F. Supp. 3d. at 1329, 1330. This court noted that because liability had been admitted, it may have been that only a ministerial act of calculating a death benefit remained, so that the case might not present a common question of fact. *Id.* at 1330. The admission of liability by the non-diverse defendant, however, came after the case was filed. *Id.* Under those circumstances, this court reasoned that if misjoinder had occurred, it was not present at the time the case was filed, but had arisen as a consequence of actions taken by the defendant and, therefore, the misjoinder was not egregious misjoinder. *Id.*

In this case, contrary to the allegations of the Complaint when it was filed, Worker's Compensation benefit payments had begun at the time the case was filed. As noted, Daimler Trucks has provided evidence that benefits were paid, no additional benefits are due, and no issues have been presented regarding the benefits due. Unlike *Jernigan*, therefore, at the time the case was filed, and removed, there was no common question of fact between Daimler Trucks and Callen Enterprises. The admission of liability for Worker's Compensation benefits was known to the Plaintiff at the time the case was filed.

Callen's arguments as to a cause of action which may exist in the future are based on speculation, not supported by any evidence, and, relevant to misjoinder analysis, do not implicate a common question of fact.

This court concludes that because Worker's Compensation benefits were paid, the undisputed evidence is that there are no additional benefits at issue, and the benefits were being paid at the time the Complaint was filed, there is no possibility that state law would impose

liability on, and there is also egregious misjoinder of, the non-diverse defendant, Callen Enterprises, Inc.   Because Callen Enterprises, Inc. is fraudulently joined, the court must disregard its citizenship and find that complete diversity exists in this case.

Callen has also argued that the removal of the case was untimely and that there was no unanimity because Callen Enterprises, Inc. failed to join in removal.   A fraudulently joined defendant need not join in the Notice of Removal.   *See Maxwell v. E-Z-Go, A Division of Textron, Inc.*, 843 F. Supp. 2d 1209, 1213 (M.D. Ala. 2012).   And, while the Notice of Removal was not filed within 30 days of the Complaint, it was filed within 30 days of the depositions upon which removal was based.   The Complaint alleged there was a controversy over the Worker's Compensation benefits, but it was not until the depositions taken on April 14, 2016, that it was revealed that Worker's Compensation benefits payments had already been paid.   Therefore, the court finds that it was not until April 14, 2016 that there was an "other paper" that first established the case's removability, so that removal within 30 days of that date was timely.   *See* 28 U.S.C. §1446(b).

### IV.  CONCLUSION

The Complaint alleged that a controversy existed as to benefits that should be paid on the Worker's Compensation claim. That was not true. Liability had already been acknowledged and benefits paid by the Worker's Compensation carrier at the time suit was filed and there was, in fact, no such controversy existing at that time. The case was removed once it was revealed that there was an untrue representation in the Complaint, and the Defendant has demonstrated, based on the untrue representation, that the fraudulent joinder standard is met.   Therefore, it is hereby ORDERED as follows:

1. Defendant Callen Enterprises, Inc. (Doc. #7) Motion to Remand is DENIED.

2. The Motion to Remand filed by the Plaintiff, Kindal Callen, as personal representative for the Estate of Scott Callen (Doc. #10) is DENIED.

3. The Motion to Sever and Remand (Doc. #14) filed by Defendant Daimler Trucks North American, LLC is DENIED.

4. Callen Enterprises, Inc. is DISMISSED without prejudice as a defendant.

The case will proceed on claims against Daimler Trucks North America LLC d/b/a Freightliner, LLC.


DONE this 29th day of June, 2016

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE