IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KINDAL CALLEN, as personal representative for the Estate of Scott Callen, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:16cv311-WHA (wo) |
| DAIMLER TRUCKS NORTH AMERICA, LLC D/B/A FREIGHTLINER, LLC; CALLEN ENTERPRISES, INC., et al., | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on a Motion to Alter, Amend, or Vacate, or, in the Alternative, Motion for Certification of the Controlling Issue of Law and for Stay of the Proceedings Pursuant to 28 U.S.C. §1292(b) (Doc. #20) filed by the Plaintiff, Kindal Callen, as personal representative for the Estate of Scott Callen.

The case was removed by Daimler Trucks to this court on the basis of diversity subject matter jurisdiction on April 29, 2016. Daimler Trucks removed the case stating that the removal was timely because it was filed within thirty days of receipt of "other paper," in the form of deposition testimony, that first established the removability of the case, and that the non-diverse defendant was fraudulently joined. 28 U.S.C. §1446(b).

The court denied Motions to Remand, finding that the removal was timely and that Defendant Callen Enterprises, Inc. was fraudulently joined. (Doc. #18). The Plaintiff asks the

1

court to revisit those findings, or to certify questions for interlocutory appeal. Defendant Daimler Trucks North America, LLC opposes the Plaintiff's motion, including the alternative requested relief.

This court previously concluded that this case is to be distinguished from another case granting remand, *Jernigan v. City of Eufaula, Ala.*, 123 F. Supp.3d 1322 (M.D. Ala. 2015). In *Jernigan* the allegedly fraudulently-joined defendant had admitted liability after the case was filed, raising a question of first impression under Rule 20 of whether a question of law or fact common to all defendants existed in the case. *Jernigan*, 123 F. Supp. 3d. at 1329, 1330. The court concluded that if misjoinder had occurred, it was not present at the time the case was filed, but had arisen as a consequence of actions taken by the defendant and, therefore, the misjoinder was not egregious misjoinder. *Id.*

In this case, benefits were being paid and no additional benefits were due to be paid at the time the Complaint was filed, and, therefore, the facts are distinct from *Jernigan*, and there is fraudulent joinder. The court is not persuaded to depart from that reasoning by the Plaintiff's argument that Alabama law allows an employee to file a third-party claim against an employer, where the only evidence in this case is that the employer had met all obligations imposed on it by law, so there was no common question of fact between Daimler Trucks and Callen Enterprises at the time the case was filed, and removed.

In her Motion to Reconsider, the Plaintiff argues that the removal was not timely because it was based on depositions of the representative of Callen Enterprises and the Worker's Compensation carrier. The Notice of Removal, however, also relied on the deposition of Kindal Callen, Plaintiff, and attached excerpts from her April 14, 2016 deposition, in which she stated that

2

she did not know of any benefits that were not being paid on her claims for the death of her husband. (Doc. #1-8). This information was both in addition to the information previously provided to Daimler Trucks that claims were being paid, and was deposition testimony from the Plaintiff. The court concludes, therefore, that the removal was timely, as the case was removed based on "other paper," within the meaning of 28 U.S.C. §1446. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 & n. 62 (11th Cir. 2007) (deposition testimony is other paper).

The court does not find that the issues presented present a controlling question of law on which there is a substantial ground for difference of opinion, and that an appeal would materially advance the ultimate termination of the litigation within the meaning of 28 U.S.C. §1929(b).

Accordingly, the Motion to Alter, Amend, or Vacate, or, in the Alternative, Motion for Certification of the Controlling Issue of Law and for Stay is ORDERED DENIED.

DONE this 10th day of August, 2016.

/s/ W. Harold Albritton_____
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE